**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SOUTHPOINT BANK** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| **VS.** | **CIVIL ACTION NO.: 3:21-CV-00156-TSL-MTP** |
| **ORIGIN BANK F/K/A COMMUNITY TRUST BANK** | **DEFENDANT/ COUNTER-CLAIMANT** |

| | |
|---|---|
| **PLANTERS BANK & TRUST COMPANY; AND PEOPLES BANCSHARES, INC. D/B/A PEOPLES BANK** | **PLAINTIFFS/ COUNTER-DEFENDANTS** |
| **VS.** | **CIVIL ACTION NO.: 3:21-CV-00381-KHJ-MTP** |
| **ORIGIN BANK F/K/A COMMUNITY TRUST BANK** | **DEFENDANT/ COUNTER-CLAIMANT** |

| | |
|---|---|
| **FIRST BANK** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| **VS.** | **CIVIL ACTION NO.: 3:21-CV-00392-HTW-LGI** |
| **ORIGIN BANK F/K/A COMMUNITY TRUST BANK** | **DEFENDANT/ COUNTER-PLAINTIFF** |

**RESPONSE IN OPPOSITION TO ORIGIN BANK'S
EMERGENCY MOTION TO CONTINUE JANUARY 4, 2022 DISCOVERY
CONFERENCE [DKT. 167]**

Plaintiffs and Counter-Defendant Planters Bank & Trust Company ("Planters") files this Response in Opposition to Origin Bank's ("Origin") Motion to Continue January 4, 2022 Discovery Conference [Dkt. 167] (the "Motion"). In support, Planters asserts the following:

1.	This Motion to Continue has not been filed in good faith. Two days prior to filing this Motion, Origin's counsel told this Court that "Origin Bank and counsel of record are eager to appear" for the discovery conference on Planter's motion to compel. But it is clear that was never the case. After this Court indulged Origin's request to set the discovery conference for a later date, Origin waited until after close of business the day before Christmas Eve to file no less than four motions—including a woefully belated motion for a protective order—to moot that conference and avoid having to address the issues raised in Planter's motion to compel. Origin's Motion—just one of those late-night filings—confirms as much. Origin's gamesmanship should be rejected and the Motion denied.

2.	Specifically, this Court emailed the parties on Tuesday, December 21, 2021 to set an in-person Discovery Conference on Planters Motion to Compel [Dkt. 111, 112, 134] for either December 28, 29, or 30th. *See* Correspondence with Court, Ex. A. The Court requested that counsel and a representative from Origin and Planters appear for the conference. *Id.*

3.	Planters' counsel promptly advised that counsel for Planters and a representative were available for the conference on December 29, 2021. *Id*.

4.	After close of business on December 21, 2021, Origin's counsel advised that Origin and counsel were "eager to appear" for the discovery conference, but requested the Court reschedule the conference after Monday, January 3, 2022 due to the travel schedule for Origin's representative. *Id*.

5.	On December 22, 2021, the Court entered the Order Setting Discovery Conference [Dkt. 152] for January 4, 2022 at 1:30 p.m. The Order accommodated the scheduling request of Origin so that Origin's client representative could appear as required by the Court. [Dkt. 152].

6. Again, after 5:00 p.m. on December 23, 2021, Origin filed a plethora of Motions, including the following:

   a. Motion for Protective Order [162] and Memorandum in Support [163];

   b. Motion for Summary Judgment [164] and Memorandum in Support [166];

   c. Emergency Motion to Continue January 4, 2022 Discovery Conference [167]; and

   d. Motion to Stay Proceedings and, Alternatively, Motion to Bifurcate and Stay All Proceedings Concerning Claims Based Upon Post-Maturity Events and Occurrences [168] and Memorandum in Support [169].

7. Origin's approximately 500 pages of pleadings and exhibits was filed less than two days after proclaiming its eagerness to resolve this long-standing discovery dispute with Planters. Origin now contends that this January 4, 2022 Discovery Conference and Planters' pending Motion to Compel [Dkt. 111, 112, 134] may become moot by virtue of Origin's new filings.

8. There are only two explanations for Origin's conduct. It could be that Origin and its counsel had this planned all along and chose not to advise this Court when scheduling the Discovery Conference. Or it could be that Origin and its counsel crafted this strategy and quickly compiled these voluminous motions within 48 hours to avoid the conference. Either way, Origin's gamesmanship should not be tolerated.

9. But that conduct is precisely how Origin has conducted itself all along. Planters has sought to resolve these basic discovery issues for months – since September 2021. Origin has rebuffed Planters at every turn, by not keeping its agreements to produce documents in an organized and timely manner, by withholding documents on the basis of waived boilerplate objections, and by not providing a privilege log. When presented with these issues in the Motion to Compel [Dkt. 111, 112, 134], Origin boasts of its good faith cooperation and efforts to comply

with Planters' discovery requests. But Origin's real intentions are now plain to see: Origin never intended to cooperate, comply with its agreements in discovery, provide a privilege log, complete its production of documents, or engage in good faith efforts on the Motion to Compel.[1] Origin filed this Motion to Continue to cut-off discovery entirely. *Origin is not trying to participate in discovery; Origin is trying to end it.*

10. Origin has not shown any "good cause" for continuing the January 4, 2022 Discovery Conference. Origin is available for the January 4, 2022 conference, and there is no legitimate reason to further delay discovery which Planters has diligently sought for months. These issues should be addressed and resolved by the Court on January 4, 2022, as previously scheduled.

11. Moreover, Origin's Rambo-like abusive discovery and motion practice must end here and should not be rewarded. This Court should hold Origin and its counsel responsible for Planters' costs and attorney fees associated with filing this Response and for the unnecessary litigation expenses of pursuing the Motion to Compel.

**WHEREFORE,** Planters requests that the Court deny this Motion to Continue, proceed with the January 4, 2022 Discovery Conference as scheduled, enter an order assessing the reasonable costs and attorney fees of this Response and the Motion to Compel to Origin and its counsel, and for such other relief as Planters maybe entitled.

---

[1] Origin once advised this Court in Response to the Motion to Compel that it would "soon complete its production" and even promised more documents to be produced by Thanksgiving. *See* Dkt. 130 at pg. 3. But those documents never came, and Origin's production is still not complete. It is troubling that Origin now seeks to never complete this production.

Dated: December 27, 2021.

          **PLANTERS BANK & TRUST COMPANY**

By: /s/ William C. Brabec
William C. Brabec (MSB No. 4240)
Timothy J. Anzenberger (MSB No. 103854)
Lindsey O. Watson (MSB No. 103329)
G. Austin Stewart (MSB No. 102570)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:   601.353.3234
Facsimile:    601.355.9708
bill.brabec@arlaw.com
tim.anzenberger@arlaw.com
lindsey.watson@arlaw.com
austin.stewart@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, a true and complete copy of the foregoing was electronically served upon the Clerk of the Court and all parties of record in the proceeding through the ECF system and that a true and correct copy of the foregoing was delivered by email to all counsel of record.

Dated: December 27, 2021.

          /s/ William C. Brabec
          William C. Brabec